IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:24-CR-250 |
| v. | |
| KEITH J. GRAY (01) | |

**UNITED STATES' MOTION FOR TIMELY NOTICE OF INTENT TO ASSERT ADVICE-OF-COUNSEL DEFENSE AND RELATED DISCOVERY**

  The United States of America files this motion for an order directing the defendant, Keith Gray, to (a) provide timely notice to the government of an intent to assert or rely upon an advice-of-counsel defense, and (b) produce all evidence related to the defendant's intended advice-of-counsel defense, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.  Although the government has no reason to believe that there is a viable advice-of-counsel defense in this case, an assertion of that defense for the first time at trial has the potential to cause significant, unwarranted delay and to waste judicial resources.  Accordingly, the United States respectfully requests that the Court enter an order compelling the defendant to provide notice of his intent to assert or rely on an advice-of-counsel defense and full reciprocal discovery to the government no later than 30 days prior to trial.  Such a deadline for any discovery on this topic will ensure that the government has sufficient time to investigate this defense before the trial and facilitate the efficient administration of justice.

## FACTUAL BACKGROUND

### A. The Indictment

On June 12, 2024, a federal grand jury returned an indictment charging Keith Gray ("the defendant") with a conspiracy to defraud the United States and to pay and receive health care kickbacks, in violation of 18 U.S.C. § 371 (Count One); offer and payment of health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B) (Counts Two through Six); and money laundering, in violation of 18 U.S.C. § 1957 (Counts Seven through Nine). (Dkt. 1.) The indictment alleges that from in or about November 2020 through in or about April 2022, the defendant, through his laboratories, Axis Professional Labs, LLC, and Kingdom Health Laboratory, LLC (collectively referred to as the "Laboratories") and related companies, paid kickbacks to American Health Screening ("AHS"), a purported marketing company owned and operated by Scott Wohrman and David Heneghan, in exchange for Medicare beneficiaries' DNA specimens, insurance, and other personally identifiable information, as well as completed doctors' orders for cardio genetic tests, which were used to bill Medicare. (*Id.* ¶¶ 29-31.) With Gray's knowledge, his co-conspirators engaged in "doctor chase," that is, contacting Medicare beneficiaries who had agreed to submit DNA specimens for cardio genetic tests, obtaining contact information for the beneficiaries' primary care physician or other physician, soliciting a completed doctor's order by repeatedly faxing or otherwise transmitting a requisition form to the physician with the suggestion that the patient had "qualified" for genetic testing, and transmitting the DNA specimens, the beneficiaries' insurance and other personally identifiable information, and the completed doctors'

orders to the Laboratories for the purpose of conducting cardio genetic tests billed to Medicare.  (*Id.* ¶ 31(f).)  To facilitate the illegal payments, Gray texted Wohrman the number of DNA specimens and completed doctors' orders sent to the Laboratories, and the per-sample kickback payments Gray owed for each, among other things.  (*Id.* ¶ 31(g).)  Gray diverted for himself an additional portion of the Medicare reimbursements for cardio genetic tests procured through his payment of kickbacks to AHS by adding additional sums to the kickback payments, beyond the agreed per-sample amount, which sums were paid back to Gray personally.  (*Id.* ¶ 31(h).)  Gray and his co-conspirators sought to conceal the scheme by creating a sham contract and sham invoices that identified the kickback payments as payments for marketing services at an hourly rate, when the payments were based on per-sample fees.  Further, Gray and his co-conspirators referred to the payments as being for a "loan," "software," "technology," "discretionary bonuses," and "distributions" reflecting a purported 1% ownership by AHS in the Laboratories.  (*Id.* ¶ 31(i).)

      Throughout the conspiracy, Gray's Laboratories submitted at least approximately $335 million in false and fraudulent claims to Medicare for cardio genetic tests that were ordered and procured through the illegal payment of kickbacks, ineligible for reimbursement, and not medically necessary, of which approximately $54 million was paid.  (*Id.* ¶ 31(k).)  Gray then spent the proceeds of his fraud on luxury vehicles and jewelry.  (*Id.* ¶¶ 31(l), 35-36.)

### B. United States' Requests for Advice-of-Counsel Disclosures

Despite multiple specific requests from the government for notice and discovery on any potential advice-of-counsel defense, Gray has declined to respond. Prior to indictment, on September 29, 2023, counsel for Gray met with the government to discuss the case and stated that his client received legal advice that may be relevant to the anticipated charges in this case. After indictment, on October 16, 2024, the government requested reasonable notice of any advice-of-counsel defense and the applicable privilege waivers. (Exhibit A, Letter to Defense Counsel, Oct. 16, 2024.) The letter cited examples of statements by defense counsel indicating that Gray may raise an advice-of-counsel defense at trial. Indeed, an email obtained via search warrant indicates that Gray obtained legal advice regarding the Laboratories' financial relationship with AHS. (Exhibit B, Email on February 22, 2022, from Jay Reyero to David Frankel, Copying Keith Gray and Scott Wohrman.)[1]

On November 24, 2024, the government sent a copy of this instant motion to defense counsel, indicating it would be filed on November 26, 2024, if the parties could not resolve the issue. Again, as of the date of this motion, defense counsel had provided no response. Accordingly, the government files the instant motion following those good faith but unsuccessful efforts to reach an agreement on this issue.

To the extent Gray intends to assert an advice-of-counsel defense, the government will necessarily need to carry out its own investigation as to the factual basis for the

---

[1] On or about September 26, 2024, defense counsel confirmed Gray does not intend to assert any privilege or other protection over this email communication.

**United States' Motion for Timely Notice of Intent to Assert Advice of Counsel Defense—Page 4**

defense, including conducting interviews, reviewing communications, and issuing trial subpoenas. Therefore, pursuant to Rule 16, persuasive authority across the Fifth Circuit district courts, and to avoid any mid-trial delays and in the interest of judicial economy, the government respectfully requests the Court issue an order requiring Gray to provide pretrial notice of, and discovery regarding, any advice-of-counsel defense, should he choose to raise it at trial, thirty (30) days before trial.

## ARGUMENT

In order to advance an advice-of-counsel defense, a defendant must show that he or she fully disclosed all material facts to his/her attorney before the advice was given, that the attorney gave that advice, and that the defendant actually relied on the advice in a good faith belief that his/her conduct was lawful.  *United States v. Peterson*, 101 F.3d 375, 381-82 & n.5 (5th Cir. 1996); *see also United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014) (citations omitted); *United States v. Hagen*, 542 F. Supp. 3d 515, 518 (N.D. Tex. 2021) (Boyle, J.) (quoting *United States v. Dallmann*, 433 F. Supp. 3d 804, 810 (E.D. Va. 2020)).  The advice of counsel defense is only applicable where it may negate willful violation of the law.  *See e.g.*, *United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005) (citing *United States v. Mathes*, 151 F.3d 251, 255 (5th Cir. 1998)). "[S]trictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation of fraud but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent." *United States v. Pettigrew*, 77 F.3d 1500, 1520 (5th Cir. 1996) (quoting *United States v. Carr*, 740 F.2d 339, 346 n.11 (5th Cir. 1984)).

Because these elements require analysis of communications between a defendant and his or her attorney, assertion of an advice-of-counsel defense necessarily waives the attorney-client privilege. *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999). It is axiomatic that the attorney-client privilege cannot be employed "as both a sword and a shield," and "[a]ttempts at such improper dual usage of the privilege result in waiver by implication." *Id.*; *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."). Indeed, "[w]here a party asserts reliance on advice of counsel as an essential element of his defense, that party waives the attorney-client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice was sought." *In re Taxable Mun. Bond Sec. Litig.*, No. MDL 863, 1993 WL 323069, at *3 (E.D. La. Aug. 18, 1993); *see also Bilzerian*, 926 F.2d at 1292; *United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989) (observing that reliance on an advice-of-counsel defense waives the attorney-client privilege). Moreover, even "otherwise-privileged communications that defendants do not intend to use at trial, but which are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure 'in their entirety.'" *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (quoting *United States v. Naegele*, 468 F. Supp. 2d 165, 174 n.8 (D.D.C. 2007)).

Rule 16 of the Federal Rules of Criminal Procedure imposes reciprocal discovery obligations on defendants. Specifically, Rule 16(b)(1)(A) provides that where the government complies with a defendant's request for disclosure under Rule 16(a)(1)(E), a

defendant "must permit" the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs and tangible objects in a defendant's possession, custody, or control that the defendant "intends to use in [its] case-in-chief at trial."

Although the Federal Rules of Criminal Procedure do not specifically require defendants to provide pretrial notice of an advice-of-counsel defense, courts have broad discretion to impose disclosure and notice requirements outside the rules. *See United States v. Armstrong*, 517 U.S. 456, 474, (1996) ("[Rule 16] is intended to prescribe the minimum amount of discovery . . . [not] to limit the judge's discretion to order broader discovery." (citation omitted)); *United States v. Crowder*, 325 F. Supp. at 138 (finding that courts have broad inherent authority to order notice and discovery of any advice-of-counsel defense outside Rule 16)). However, if the defense is raised, the defendant must waive the privilege, and the government is entitled to discovery on the issue. To avoid unnecessary mid-trial delays, courts frequently set pretrial briefing schedules to determine the scope and validity of the defense before trial. *Dallmann*, 433 F. Supp. 3d at 812 ("The majority of district courts that have considered the question have sensibly exercised their inherent authority to impose a pretrial notice and discovery requirement regarding the advice-of-counsel defense." (collecting cases)). Indeed, courts within this district have ordered pretrial notice and discovery regarding the advice-of-counsel defense. *See, e.g.*, *United States v. Hagen*, No. 3:19-CR-00146-B, ECF 98 (N.D. Tex. June 24, 2020) (Boyle, J.); *United States v. Cooper et al.*, No. 3:16-CR-00060-M, ECF

678 (N.D. Tex. Aug. 22, 2019) (Lynn, J.).[2]  And at least one court has set a pretrial discovery schedule with which a defendant had to comply if he intended to assert the defense.  *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003).

The rationale for requiring pretrial notice and disclosure is persuasive here. "Defendants' decision on whether to assert the advice-of-counsel defense may impact the scope of discovery otherwise permitted or ordered, and thus risks unnecessary interruption and delay if asserted at trial."  *Crowder*, 325 F. Supp. 3d at 138 (quoting *Memory Bowl*, 280 F.R.D. at 186) (internal quotation marks and brackets omitted). Moreover, because an advice-of-counsel defense is complex, it may raise issues requiring

---

[2] Many courts outside of this district have done the same.  *See, e.g.*, *United States v. Moore*, Order, Case No. 1:22-cr-00014-JRH-BKE, ECF No. 115 (S.D. Ga. Nov. 22, 2024) (in Medicare fraud case involving complex genetic testing kickback scheme, setting pre-trial deadline for disclosure of advice-of-counsel materials); *United States v. Scott*, Case No. 19-CR-209-PGB-LRH, ECF No. 34, (M.D. Fla. Mar. 9, 2020) (same); *United States v. Robert Shapiro*, Case No. 19-CR-20178-Altonaga, ECF No. 108 at 2 (S.D. Fla. July 8, 2019) (adopting the reasoning of *United States v. Crowder*, 325 F. Supp. 3d 131 (D.D.C. 2018), and stating that "if Defendant does not provide notice and discovery of his communications with attorneys which form the basis of his anticipated advice-of-counsel defense, the Government will be forced, in the middle of trial, to request the Court halt the trial in order for the Government to review a large quantity of new information . . . . The Court does not sanction a trial process that anticipates and rushes headlong into such delay and inefficiency"); *United States v. Senthil Ramamurthy*, Case No. 18-CR-20710-Altonaga/Goodman, Doc. 276 at 4–5 (S.D. Fla. Nov. 27, 2019) (same); *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (requiring defendant "to advise whether or not it intends to rely on an 'advice-of-counsel' defense" before trial to avoid "unnecessary delay or expense"); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (requiring defendant to disclose documents and objects concerning his advice-of-counsel defense fourteen days before trial if defendant intends to raise the defense at trial); *United States v. Scali*, No. 16-CR-466, 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (requiring defendant to produce all discovery relating to any advice-of-counsel defense pretrial); *United States v. Hatfield*, No. 06-cr-0550, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (requiring defendant to provide pretrial notice of intent to rely on advice-of-counsel defense and providing defendant one week post-notice to disclose all documents concerning their intended advice-of-counsel defense to the government).  *Cf. United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *12 (E.D. La. Nov. 1, 2016) (requiring a defendant, if he wishes to assert an advice-of-counsel defense, to file a pretrial motion); *United States v. Impastato*, 535 F. Supp. 2d 732, 740 (E.D. La. 2008) (requiring pretrial briefing on the advice-of-counsel issue should defendant seek to put forth the defense).  *But see United States v. Faulkner*, No. 3:09-CR-249-D, 2011 WL 976769, at *3 (N.D. Tex. Mar. 21, 2011) (denying motion for disclosure of advice-of-counsel defense because "the government ha[d] not cited any authority for its request").

additional briefing before trial. *Id.* (citing *Impastato*, 535 F. Supp. 2d at 740); *see also Dallmann*, 433 F. Supp. 3d at 811 (stating that the advice-of-counsel defense is "fact-intensive" and "likely to create substantial problems of fairness and efficiency if raised for the first time during the trial." (citation omitted)).

In this case, advance notice of an advice-of-counsel defense will promote judicial efficiency and the public's right to a speedy trial. To the extent Gray asserts or relies on an advice-of-counsel defense, he will likely be required to produce a significant number of documents previously withheld, and the government will then require time to review these records, as well as interview witnesses and perhaps seek additional discovery. But, if Gray is permitted to assert this defense while withholding relevant material, it would violate the long-standing maxim that the "attorney-client privilege cannot at once be used as a shield and a sword." *Bilzerian*, 926 F.2d at 1292.

The government therefore moves for an order that Gray disclose, no later than 30 days before trial, the following information: (1) an intent to assert or rely on an advice-of-counsel defense, or any good faith defense that in any way relates to advice of counsel; (2) the name(s) of the attorney(s) on whose advice he relied, all statements of that attorney(s), and all summaries of interviews with that attorney(s); (3) all statements, correspondence, emails, memoranda, or other communications between that attorney(s) and defendant or another on behalf of the defendant detailing the facts on which the attorney(s) relied in order to render legal advice; (4) the identities of all witnesses who will testify in support of that defense, all statements of those witnesses, and all summaries of interviews with those witnesses; and (5) all other materials relevant to the assertion of

**United States' Motion for Timely Notice of Intent to Assert Advice of Counsel Defense—Page 9**

the defense, whether supportive of the defendant's case or not.[3] The government further moves the Court to preclude any testimony of any witness on this subject not disclosed in response to that order.

## CONCLUSION

For the foregoing reasons, the government respectfully requests this Court to grant this motion for timely notice of Gray's intent to assert an advice-of-counsel defense and related discovery.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION

/s/ Brynn A. Schiess
Brynn A. Schiess
Assistant Chief
Gary Winters
Acting Assistant Chief
Fraud Section, Criminal Division
Department of Justice
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: (202) 374-3484 (Schiess)
Brynn.schiess@usdoj.gov

---

[3] The government is not seeking disclosures regarding Gray's attorney-client relationship(s) in this criminal case or to invade the defense camp in any way. The government is merely seeking discovery regarding an advice-of-counsel defense, if Gray intends to assert one.

**United States' Motion for Timely Notice of Intent to Assert Advice of Counsel Defense—Page 10**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with defense counsel for Keith Gray on November 24, 2024, but received no response as to the defendant's position. Accordingly, for purposes of this certificate of filing, it is presumed the defendant is opposed to the relief sought in this motion.

>
> */s/ Brynn A. Schiess*
> Brynn A. Schiess
> Assistant Chief