# EXHIBIT A



**U.S. Department of Justice**

Criminal Division

*Fraud Section*                                                              *Washington, D.C. 20530*

October 16, 2024

Scottie D. Allen, Esq.
Scottie D. Allen & Associates
4144 N. Central Expwy, Suite 650
Dallas, Texas 75204
scottiedallen@scottiedallenlaw.com

       Re:    *United States v. Keith Gray*, No. 3:24-cr-00250

Dear Counsel,

      In the course of our discussions about this matter, including during our telephone call on October 16, 2024, you have made statements that indicate that your client may seek to raise an advice of counsel defense. As such, the government now formally requests that you provide reasonable notice of any advice of counsel defense and the applicable privilege waivers.

      It is axiomatic that the attorney-client privilege cannot be employed "as both a sword and a shield, and "[a]ttempts at such improper dual usage of the privilege result in waiver by implication." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999). Accordingly, "[w]here a party asserts reliance on advice of counsel as an essential element of his defense, that party waives the attorney-client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice was sought." *In re Taxable Mun. Bond Sec. Litig.*, No. MDL 863, 1993 WL 323069, at *3 (E.D. La. Aug. 18, 1993). *See also United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989) (reliance on an advice-of-counsel defense waives the attorney-client privilege).

      A consequence of raising an advice of counsel defense is that the party "must permit discovery of any and all legal advice rendered on the disputed issue." *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001). To effectuate this principle, ensure timely disclosure, and avoid trial delays, "[c]ourts have discretion to order pretrial notice of an advice-of-counsel defense." *United States v. Hagen*, 542 F. Supp. 3d 515, 518 (N.D. Tex. 2021) (citing *United States v. Dallman*, 433 F. Supp. 3d 804, 813 (E.D. Va. 2020)). Therefore, the government requests you provide reasonable notice of any advice of counsel defense and the opportunity for discovery regarding the defense, including waiver of confidentiality, privilege, and work product of all relevant communications and documents. This information is due to us by no later than **October 30, 2024**, after which the government will file a motion and seek an order from the Court disclosing this information.

[Nothing further on this page.]

Scottie D. Allen, Esq.
Page 2

        Very truly yours,

        /s/ *Brynn A. Schiess*
        Brynn A. Schiess
        Assistant Chief
        Gary A. Winters
        Acting Assistant Chief
        Fraud Section, Criminal Division
        Department of Justice
        (202) 374-3484
        Brynn.Schiess@usdoj.gov
        Gary.Winters@usdoj.gov